**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| United States of America,            )<br>         Plaintiff,                              )<br>                                             )<br>v.                                            )<br>                                             )<br>ARMANDO OROZCO,               )<br>                                             )<br>         Defendant.                        )<br>_____) | No. CR-01-340-TUC-CKJ (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pursuant to District Judge Jorgenson's order, the Defendant's Evidentiary Hearing came on for hearing before Magistrate Judge Marshall on November 16, 2005.[1] Defendant was present and assisted by counsel. The Government presented one witness. The Defendant testified on his own behalf.

## I.   FINDINGS OF FACTS

On July 9, 2002 Defendant was sentenced to a three (3) year period of supervised release. Defendant was released from prison on March 12, 2004. His term of supervised release began to run on that date. Defendant's conditions of supervision included the following: "You shall notify the Probation Officer at least ten (10) days prior to any change of residence or employment." Standard Condition No. 7; and "You shall participate as instructed by the Probation Officer in a program of substance abuse treatment which may include testing for substance abuse." Standard Condition No. 1.

At the evidentiary hearing, Defendant testified that he was in such a state of

---

[1] A transcript of the hearing was ordered and prepared.

1 diminished mental capacity that he was not able to function and therefore did not advise his
2 Probation Officer prior to moving from his residence.  Nor did was he able to complete his
3 substance abuse treatment because of his physical and mental state.   According to the
4 Defendant his depression was a direct result of his financial difficulties as well as his
5 physical condition - hepatitis C and colon cancer.
6 On cross-examination, the Defendant admitted that he had not been diagnosed
7 with cancer but was told he had polyps.
8 The Government called Probation Officer Jose Palmer to testify.  Officer
9 Palmer testified that the Defendant's excuses for not complying were transportation problems
10 and work conflicts.  The Defendant never said that sickness was to blame for his non-
11 compliance.  Nor did the Defendant ever mention to the treatment facility that he was ill.
12 Defendant was terminated from treatment for lack of participation.

13 **II.    CONCLUSIONS OF LAW**

14 A court may revoke a defendant's supervised release if it finds by a preponderance of
15 the evidence that the defendant violated a condition of his supervised release. *United States*
16 *v. Musa*, 220 F.3d 1096, 1100 (9th Cir.), *cert. denied*, 531 U.S. 999, 121 S.C. 498, 148
17 LED.2d 469 (2000); *see also* 18 U.S.C. § 3583(e)(3).

18 The Magistrate Judge FINDS by a preponderance of the evidence that the Defendant
19 willfully failed to notify his Probation Officer at least ten (10) days prior to his changing
20 residences; and that he willfully failed to participate as instructed by his Probation Officer
21 in a program of substance abuse treatment. Defendant Orozco violated his supervised release
22 conditions.

23 **III.   RECOMMENDATION FOR DISPOSITION BY THE DISTRICT COURT**
24 **JUDGE**

25 Based on the foregoing and pursuant to 28 U.S.C. § 636 (b) and Local Rule 1.7(d)(2),
26 Rules of Practice of the United States District Court, District of Arizona, the Magistrate
27
28

- 2 -

Judge **RECOMMENDS** that the District Court, after an independent review of the record, find that the Defendant violated the terms of his supervised release.

Pursuant to 28 U.S.C. § 636 (b), any party may serve and file written objections with the District Court within ten (10) days of being served with a copy of this Report and Recommendation. If the objections are not timely filed they may be deemed waived. If any objections are filed, this action should be designated with the following case number CR 01-340 TUC CKJ (JM).

DATED this 22nd day of November, 2005.

Jacqueline Marshall
United States Magistrate Judge